UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PEDRO ESPINOSA,

       Plaintiff,

v.                                                                            Case No. 1:08-CV-736

J. SALADIN and L. HUDSON,                                HON. GORDON J. QUIST

       Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objection to the report and recommendation dated July 1, 2009, in which Magistrate Judge Brenneman recommended that Defendants' Motion for Summary Judgment be granted and Plaintiff's action be dismissed. The magistrate judge concluded that Defendants' motion should be granted because Defendants were merely involved in responding to Plaintiff's grievance and did not personally deny Plaintiff the eye surgery Plaintiff contends he needs.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

In support of the motion for summary judgment, Defendant Julie Saladin submitted an affidavit in which she stated that she was only involved in interviewing Plaintiff and responding to Plaintiff's grievance. She further stated that she was not involved in, and had no authority to act on, the decision of whether Plaintiff would receive the requested surgery. Defendant Leonzo Hudson submitted an affidavit in which she stated that she merely reviewed Defendant Saladin's response as a reviewer and that she was not involved in the decision to deny Plaintiff's request for eye surgery.

Plaintiff offers no evidence to the contrary in his Objection. Rather, he asserts that someone must have made the decision to deny his request for eye surgery, and he should be allowed to amend

his complaint to add John and Jane Does as defendants and file a motion for discovery to determine who was responsible for denying Plaintiff's request for corrective eye surgery.

Plaintiff has offered no basis for denying Defendants' Motion for Summary Judgment in light of Defendants' uncontradicted affidavits stating that they were not responsible for the decision to deny his request for corrective eye surgery. Although Plaintiff might be able to discover the identity of the person or persons who were responsible for denying his request if he is permitted to amend his complaint to add John and Jane Doe Defendants, any such amendment would be futile because, in the Court's judgment, Plaintiff does not allege an Eighth Amendment claim.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received

inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998).

In this case, Plaintiff alleges that prison medical officials referred him to a specialist, who recommended cataract surgery. Plaintiff submitted a request for the recommended surgery, but medical personnel responded that the cataract removal was not authorized because Plaintiff "maintained acceptable L eye vision per Dr. Ivens." Plaintiff filed a grievance, which was denied because prison medical staff reviewed the specialists' recommendations and test results and concluded that surgery was not "necessary at this time." These allegations disclose that Plaintiff's claim concerns a disagreement over the necessity and/or adequacy of treatment as opposed to a complete denial of medical treatment. In other words, the claim involves differences in medical judgment regarding the proper treatment. Thus, while Plaintiff may have a state law claim for malpractice, his allegations do not suffice to establish deliberate indifference under the Eighth Amendment. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued July 1, 2009 (docket no. 19) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Rule 56(b) Motion for Summary Judgment (docket no. 13) is **GRANTED**, and Plaintiff's complaint is **dismissed**.

This case is **concluded**.


Dated: September 23, 2009                                    /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE